UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2017 DEC -6 PM 3:00
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 1:17-cr-0241 JMS -DML |
| V. | ) | CAUSE NO. |
| ZIAD I. KHADER, | ) | -01 |
| NEIL H. PATEL, and | ) | -02 |
| NIKHIL H. PATEL, | ) | -03 |
| Defendants. | ) | |

## INDICTMENT

The Grand Jury charges that, at all times relevant to this Indictment:

### GENERAL ALLEGATIONS

1. Defendant **ZIAD KHADER**, a resident of Carmel, Indiana, was a pharmacist licensed in the State of Indiana. He was also an owner and operator of multiple compounding pharmacies, including Script LLC DBA Nowscript, in Sterling Heights, Michigan; Khader David Pharmacy & Services LLC DBA Valuscript, in Carmel, Indiana; Proscript LLC, in Indianapolis, Indiana; My Script Pharmacy, in Taylor, Michigan; Smartscript Pharmacy, LLC, in Oshkosh, Wisconsin.

2. Defendant **NEIL PATEL**, a resident of Carmel, Indiana, was a pharmacist licensed in the State of Indiana. He was also an owner and operator of multiple compounding pharmacies, including Script LLC DBA Nowscript, in Sterling Heights, Michigan; Khader David Pharmacy & Services LLC DBA Valuscript, in Carmel, Indiana; Proscript LLC, in Indianapolis, Indiana; My Script Pharmacy, in Taylor, Michigan; Smartscript Pharmacy, LLC, in Oshkosh, Wisconsin.

3. Defendant **NIKHIL PATEL**, a resident of Tampa, Florida, was a physician licensed in the State of Florida. He was also an owner and operator of multiple compounding pharmacies, including Script LLC DBA Nowscript, in Sterling Heights, Michigan; Khader David Pharmacy & Services LLC DBA Valuscript, in Carmel, Indiana; Proscript LLC, in Indianapolis, Indiana; My Script Pharmacy, in Taylor, Michigan; Smartscript Pharmacy, LLC, in Oshkosh, Wisconsin.

4. Shell companies: The defendants used shell companies to hold ownership of various of the compounding pharmacies listed above, as described below:

- Defendants **ZIAD KHADER**, **NEIL** and **NIKHIL PATEL** listed PNK Services LLC, a shell company registered to **ZIAD KHADER**'s Carmel home, as an owner of Nowscript.

- Defendants **NEIL** and **NIKHIL PATEL** listed Christy and Sarah Enterprises LLC, a shell company registered to **NEIL PATEL**'s Carmel home, as an owner of Valuscript.

- Defendants **ZIAD KHADER**, **NEIL** and **NIKHIL PATEL** listed Patel Khader LLC, a shell company registered to **ZIAD KHADER**'s Carmel home, as an owner of Proscript and My Script Pharmacy.

- Defendants **ZIAD KHADER**, **NEIL** and **NIKHIL PATEL** listed HNK Enterprises LLC, a shell company registered to **NEIL** and **NIKHIL PATEL**'s father's Indianapolis home, as an owner of Smartscript.

- For all of these shell companies, defendants **NEIL** and **NIKHIL PATEL** listed their wives as owners.

## PHARMACY BENEFIT MANAGERS AND HEALTH CARE BENEFIT PROGRAMS

5. The defendants, through Nowscript, distributed compounded medications all over the country, including to Indiana, Florida, Georgia, Illinois, and Hawaii. Compounding involves

the preparation of medication by combining and mixing different types and dosages of ingredients to create a drug or medication tailored to the needs of an individual patient and for which there is no equivalent form commercially available. Health care benefit programs, both commercial and federal, typically reimbursed pharmacies for compounded medications prescribed and dispensed to their insureds, based on the amount and nature of the drugs contained in the compound. They reimbursed Nowscript anywhere from approximately $110 to approximately $17,000 for one month's supply of a compounded medication for one patient.

6. In order to receive those reimbursements, the defendants enrolled Nowscript with several companies commonly referred to as pharmacy benefit managers. The pharmacy benefit managers included AccessHealth, a California corporation; CVS Caremark, also a California corporation; and Express Scripts, a Missouri corporation. These three pharmacy benefit managers, among other things, screened and paid pharmacies on behalf of both commercial and federal health care benefit programs, including TRICARE, Federal Employee Program, Federal Employees Health, Government Employees Health Association, and many others. *See* 18 U.S.C. § 24 (defining "health care benefit program" as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."). TRICARE provided civilian health benefits for military personnel, military retirees, and military dependents all around the world.

7. AccessHealth, CVS Caremark, and Express Scripts required pharmacy providers, including Nowscript, to fill out provider certification or enrollment forms. Those certifications and enrollment forms required Nowscript to provide basic information about the operation and ownership of the pharmacy, including the names of the owners, whether the pharmacy was a

mail order or a retail pharmacy, whether the pharmacy used a sales force, and whether the pharmacy waived or offered reductions in copays.

8. AccessHealth, CVS Caremark, and Express Scripts relied upon information submitted in these forms as the primary basis for allowing Nowscript to become a pharmacy provider within their networks. Entry into these three pharmacy benefits manager networks allowed the defendants to bill and receive reimbursements for prescriptions provided from Nowscript to all of the networks' healthcare benefit programs' beneficiaries.

## COUNT 1
### Conspiracy to make false statements relating to health care matters
### 18 U.S.C. § 371

9. Paragraphs 1 through 8 are incorporated by reference as though set forth fully herein.

10. From in or around March 2014, through in or around August 2016, in the Southern District of Indiana, and elsewhere, the defendants,

**ZIAD KHADER,**
**NEIL PATEL, and**
**NIKHIL PATEL,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1035 (False statements relating to health care matters), that is, in any matter involving a health care benefit program, to knowingly and willfully falsify, conceal, or cover up by any trick, scheme, or device a material fact; and makes any materially false, fictitious, or fraudulent statement or representation, and makes and uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services.

4

## PURPOSE OF THE CONSPIRACY

11. It was the purpose of the conspiracy for the defendants and others known and unknown to the grand jury to unlawfully enrich themselves by making false statements on certification and enrollment forms submitted to AccessHealth, CVS Caremark, and Express Scripts, in order to receive payments for compounded medication prescriptions they distributed to both commercial and federal healthcare benefit program beneficiaries.

## MANNER AND MEANS

12. In or around April 2014, defendant **ZIAD KHADER** signed and submitted a "Provider Certification" form for Nowscript to Express Scripts. In or around May 2014, defendant **ZIAD KHADER** signed and submitted a "Provider Participation Enrollment Form" for Nowscript to AccessHealth. In or around December 2014, defendant **ZIAD KHADER** signed and submitted a "Credentialing/Service Level Worksheet" for Nowscript to CVS Caremark.

13. Based on the representations he made in these three documents, Express Scripts, AccessHealth, and CVS Caremark contracted with Nowscript to become a pharmacy provider within their networks. These contracts allowed the defendants to bill the health care benefit programs within each of the three networks for prescriptions that Nowscript filled and distributed.

14. From in or around April 2014 through in or around August 2016, the defendants, **ZIAD KHADER, NEIL PATEL**, and **NIKHIL PATEL**, caused Nowscript to bill the health care benefit programs within these networks, and received the following reimbursements for compounded medications distributed to those beneficiaries:

5

- $3.86 million for compounded medications distributed to Express Script's network of health care benefit program beneficiaries;

- $4.78 million for compounded medications distributed to AccessHealth's network of health care benefit program beneficiaries; and

- $931,046 for compounded medications distributed to CVS Caremark's network of health care benefit program beneficiaries.

### *Defendants' Lies About Nowscript Being a Retail Pharmacy*

15. In all three documents, defendant **ZIAD KHADER** falsely stated that Nowscript was a retail, open-door community, walk-in pharmacy that did not do any mail-order business. In fact, almost all of the prescriptions that Nowscript distributed were distributed via mail, outside of the State of Michigan where Nowscript was physically located.

16. This false statement was material to the decisions Express Scripts, AccessHealth, and CVS Caremark made to allow Nowscript into their networks to receive insurance reimbursements for the compounded medications. As defendant **NEIL PATEL** stated in a March 2015 text message to defendant **NIKHIL PATEL**, "[T]hey will take the contract away" if the pharmacy is shipping more than a certain percentage of its prescriptions. **NEIL PATEL** continued, "The[] only way they bust a pharmacy is if they do one of these big audits and see that over 75% is out of state."

17. In addition, as defendant **NIKHIL PATEL** acknowledged in the same March 2015 text message string, doing business as a retail pharmacy instead of as a mail order pharmacy was "[i]mpossible" without changing the location and business itself.

### *Defendants' Other Lies About Nowscript*

18. In the Express Scripts "Provider Certification" form, defendant **ZIAD KHADER** made several other material, false statements, including the following:

   A. **ZIAD KHADER** falsely stated that he, together with the wives of defendants **NEIL PATEL** and **NIKHIL PATEL**, were the only three owners of Nowscript. In fact, defendant **ZIAD KHADER** owned the pharmacy together with defendants **NEIL PATEL** and **NIKHIL PATEL** (not their wives), as well as with a fourth owner, Owner A.

   B. **ZIAD KHADER** falsely stated that no one with a "direct or indirect financial interest in the pharmacy" had "prescriptive authority." In fact, defendant **NIKHIL PATEL** was a part-owner of Nowscript and was a physician with prescriptive authority, licensed in Florida.

   C. **ZIAD KHADER** falsely stated that Nowscript did not contract with or employ a "sales force." In fact, Owner A was specifically responsible for marketing, sales, advertising, and promotion of Nowscript. Owner A employed multiple people who visited physicians' offices to promote the compounded medications and pay the physicians for the compounded medication prescriptions.

   D. **ZIAD KHADER** falsely stated that Nowscript never waived or offered a reduction of the patient copayment (also known as copay) amounts. In fact, Nowscript waived reductions of copays for multiple patients. At the direction of the defendants, Nowscript employees even purchased gift cards in order to create records making it appear as if patients had paid their copay with a Visa or Mastercard. Nowscript patients would not have accepted the compounded medication if they had had to pay a copay, given the high cost of the drugs.

19. Those false statements were material to the decision Express Scripts made to allow Nowscript into its network. As defendant **NEIL PATEL** stated in a March 2016 text message, "If we tell the real owners we open ourselves to them trying to say that we committed fraud on the application." As to Owner A specifically, defendant **ZIAD KHADER** was aware that Owner A was paying physicians and physicians' practices for the compounded medication prescriptions that Nowscript filled from those physicians and practices. **ZIAD KHADER** indicated in a September 2014 text message to his brother – Nowscript's pharmacy manager – that Owner A's actions were fraudulent: "[Owner A] pays doctors and that is a [Medicare/Medicaid] fraud if we fill any [Medicare/Medicaid].

## OVERT ACTS

20. The defendants committed the following overt acts in furtherance of the conspiracy:

　　A.　In or around April 2014, defendant **ZIAD KHADER** signed and submitted a "Provider Certification" form for Nowscript to Express Scripts.

　　B.　In or around May 2014, defendant **ZIAD KHADER** signed and submitted a "Provider Participation Enrollment Form" for Nowscript to AccessHealth.

　　C.　In or around December 2014, defendant **ZIAD KHADER** signed and submitted a "Credentialing/Service Level Worksheet" for Nowscript to CVS Caremark.

All of which is in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conspiracy to Commit Money Laundering
### 18 U.S.C. § 1956(h)

21. Paragraphs 1 through 8 are incorporated by reference as though set forth fully herein.

22. From in or around March 2014, through in or around February 2017, in the Southern District of Indiana, and elsewhere, the defendants,

**ZIAD KHADER,
NEIL PATEL, and
NIKHIL PATEL,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury, to violate 18 U.S.C. § 1957, that is, to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Conspiracy to make false statements relating to health care matters, in violation of Title 18, United States Code, Section 371.

## PURPOSE OF THE CONSPIRACY

23. It was the purpose of the conspiracy for the defendants and others known and unknown to the grand jury to engage in monetary transactions through a financial institution, in criminally derived property of a value greater than $10,000, with such property having been derived from a conspiracy to make false statements relating to health care matters.

## OVERT ACTS

24. The defendants received criminally derived property of a value greater than $10,000 in bank accounts at JPMorgan Chase, PNC Bank, and Star Financial Bank, in the name of Nowscript. From these Nowscript bank accounts, the defendants **ZIAD KHADER, NEIL PATEL**, and **NIKHIL PATEL**, transferred and caused to be transferred money to bank accounts at JP Morgan Chase Bank, PNC Bank, and Star Financial Bank, in the name of PNK Services LLC, their shell company.

25. Defendant **NEIL PATEL** was a signatory on all three of the shell company bank accounts. From the shell company bank accounts, the defendants transferred and caused to be transferred money into various personal accounts in their own and their wives' names.

26. The defendants conducted and caused to be conducted the following transactions, among others:

|   | APPROX. DATE | FINANCIAL TRANSACTION |
|---|---|---|
| A. | 8/8/2014 | $660,000 transferred from Nowscript's JPMorgan Chase account -0522 to PNK Services LLC's JPMorgan Chase account -8839 |
| B. | 5/20/2015 | $161,700 transferred from Nowscript's JPMorgan Chase account -0522 to PNK Services LLC's JPMorgan Chase account -8839 |
| C. | 3/24/2016 | $385,000 transferred from Nowscript's PNC account-7766 to PNK Services LLC's PNC account -7758 |

All of which is in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 3-8
### Money Laundering
### 18 U.S.C. § 1957

27. Paragraphs 1 through 8 are incorporated by reference as though set forth fully herein.

28. On the dates specified below, within the Southern District of Indiana and elsewhere, the defendants,

**ZIAD KHADER,**
**NEIL PATEL, and**
**NIKHIL PATEL,**

did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, as described in each of the enumerated Counts below, such

property having been derived from a specified unlawful activity, that is, Conspiracy to make false statements relating to health care matters, in violation of Title 18, United States Code, Section 371.

| COUNT | DEFENDANT | APPROX. DATE | FINANCIAL TRANSACTION |
|---|---|---|---|
| 3 | ZIAD KHADER | 8/8/2014 | $220,000 transferred from PNK Services LLC's JP Morgan Chase account -8839 to defendant **KHADER**'s JPMorgan Chase account -9239 |
| 4 | NEIL PATEL | 8/8/2014 | $220,000 transferred from PNK Services LLC's JP Morgan Chase account -8839 to defendant **NEIL PATEL**'s JPMorgan Chase account -7530 |
| 5 | NIKHIL PATEL | 8/8/2014 | $220,000 transferred from PNK Services LLC's JP Morgan Chase account -8839 to defendant **NIKHIL PATEL**'s JPMorgan Chase account -5685 |
| 6 | ZIAD KHADER | 4/25/2016 | $100,000 transferred from PNK Services LLC's PNC account -7758 to defendant **KHADER**'s JPMorgan Chase account -9239 |
| 7 | NEIL PATEL | 4/25/2016 | $100,000 transferred from PNK Services LLC's PNC account -7758 to defendant **NEIL PATEL**'s PNC account -0656 |
| 8 | NIKHIL PATEL | 4/25/2016 | $100,000 transferred from PNK Services LLC's PNC account -7758 to defendant **NIKHIL PATEL**'s PNC account -1456 |

All of which is in violation of Title 18, United States Code, Section 1957.

## **FORFEITURE**

29. Paragraphs 1 through 28 are incorporated by reference as though set forth fully herein, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1), (a)(7) and (b)(1), 981(a)(1)(A) and (C), 1956(c)(7)(A) and (F), and pursuant to Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

30. Pursuant to Title 18, United States Code, Section 982(a)(7), if convicted of the offenses set forth in Counts 1 through 8 of this Indictment, the defendants,

**ZIAD KHADER,
NEIL PATEL, and
NIKHIL PATEL,**

shall forfeit to the United States of America:

A. any property, real or personal, involved in Counts 2 through 8, or any property traceable to such property;

B. any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offenses; or

C. $9,379,671, which is a sum of money equal to the total amount of the proceeds of the offenses.

31. If any of the property described above, as a result of any act or omission of the defendants:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

32. In addition, the United States may seek civil forfeiture of the property described above pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and (C), incorporating Title 18, United States Code, Section 1956(c)(7)(F), and pursuant to Title 28, United States Code, Section 2461(c).

A TRUE BILL:



JOSH J. MINKLER
United States Attorney

By: _____
Cindy J. Cho
Assistant United States Attorney