UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:17-CR-00241-JMS-DML-01 |
| v. | ) |
| | ) |
| ZIAD I. KHADER, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE OF GREENSFELDER AND FELTON TO
DEFENDANT'S REVISED REQUEST FOR DOCUMENTS (#172)**

Non-parties Greensfelder, Hemker & Gale, P.C. (Greensfelder) and Thadford Felton state as follows for their Response to the portion of the 9/28/2020 submission of Defendant Khader (Doc. #172) that constitutes a revised request for documents referenced in the Court's Minute Entry (Doc. #171) made after the hearing on Mr. Khader's Motion to Disqualify Mr. Cotter and the Greensfelder Firm (Doc. #135), the Greensfelder Firm and Mr. Felton's Motion of Non-Parties to Quash Subpoena for Legal Files (Doc. #147), and the Government's Motion to Exclude Statements from Attorney at Trial (Doc. #150).

This Court's September 22, 2020, Minute entry ordered Mr. Khader to "submit a revision of the subjects of his subpoena directed at Mr. Felton and the Greensfelder Firm, containing a more narrowly tailored request for documents." (Minute Entry, 9/23/20, Doc. #171). Mr. Khader actually expanded his request in some ways and otherwise hardly narrowed the requests at all. He did remove the catch-all request which sought all documents "regarding" Greensfelder's representation of any of the pharmacies except invoices. (Request 4 in the original subpoena). But his expansion of his other requests results in little change of the breadth

of the documents requested. He also changed the request to seek documents from Greensfelder, rather than Attorney Felton.

Below are Mr. Khader's four revised requests, followed by Greensfelder's comment on the new version. To assist the Court in evaluating this modified request, attached as <u>Exhibit A</u> is a redline comparing the original request for documents to the 9/28/2020 request. Only Request 1 is manageable and does not reach into actual and potential attorney-client privileged communications of non-parties and does not require development of potentially complex search protocols.

## **Request 1**

*Any and all emails to and from CVS Caremark, Accesshealth and Express Scripts and attorneys of Greensfeld, Hemker, & Gale, P.C. regarding Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC, their members, directors, employees, or any other representative, from December 2013 to January 2017.*

COMMENT: This request is manageable and does not implicate the attorney-client privilege. But note that it is broader than the original request in that is has been expanded to include emails **from** the Pharmacy Benefit Managers, and not just **to** them. It also includes an additional pharmacy that was not mentioned in the original subpoena: Proscript LLC. The revision adds a date restriction, but that is not a post-hearing narrowing of the request. Mr. Khader's opposition to the Motion to Quash had already stated that he was willing to "narrow" the requests to December 2013 to January 2017, while also acknowledging that the acts alleged in the Superseding Indictment occurred only in 2014-2016. See Defendant's Opposition to Greensfelder's Motion to Quash Subpoena, Doc. #155, filed 9/15/20, at 6.

**Request 2**

*Any and all emails to and from any owner, officer, employee or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC from December 2013 to January 2017.*

COMMENT: The original request was extremely broad, and the revision is broader in adding emails "from" any owner, officer, employee or contractor of the listed pharmacies. As explained in the Comment on Request 1, the addition of the date restriction does not narrow the request post-hearing. Thus, this request still has no limitation on the subject matter of the emails. Attorney Felton's representation of the pharmacies covered many matters unrelated to this case. For instance, matters included dissolution and sale of Medscript, Medscript litigation, a dispute with an insurance company over coverage for the Medscript litigation, due diligence regarding the potential sale of the pharmacies to third parties, drafting and negotiating contracts with employees and third parties, and handling various employee issues such as an EEOC Complaint. (Transcript 9/22/20 hearing, at 7-9, attached as Exhibit A to Response of Greensfelder and Felton to Defendant's Additional Evidence, filed 10/5/2020). There were other legal matters for the pharmacies that were not handled by Greensfelder. (Transcript 9/22/20 hearing, at 9-10, 28, 30-31).

In fact, the request would include personal communications unrelated to anything involving this case, whether or not part of a legal representation, such as the wire transfer letter. Even emails referencing helping an employee or contractor with a traffic ticket (if any) would fall within the scope of this request. This request goes far beyond the audits of the Pharmacy Benefit Managers and far beyond anything that is the subject matter of the Superseding Indictment.

This request, as revised, still implicates the attorney client privilege of the pharmacies, not all of which are "defunct." See Greensfelder's Reply in Support of the Motion to Quash, at 5-6 (Doc. #166, at pages 5-6). The files that Attorney Felton created or kept as part of his representation of the pharmacies were not shared with Attorney Cotter. (Transcript, 9/22/20 hearing, at 74). Thus, Attorney Cotter's representation did not lead to a sharing of any privileged files.

Moreover, it would also be extremely burdensome for all parties to search all emails on these topics. The burden is on all parties, and not just Greensfelder, because broad email searches require the development of search-specific electronic discovery protocols.

Furthermore, this request makes no effort to limit the scope of the subpoena to material that Mr. Khader does not already have. Indeed, material pertaining to an advice of counsel defense would seem, by definition, to include material Mr. Khader already received.

### Request 3

*Any and all legal memorandums and letters of opinion written to any owner, officer, employee or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC from December 2013 to January 2017.*

COMMENT:  This request has the same defects as Request 2, except that it refers to "legal memorandums and letters of opinion." If those phrases are meant to include emails like the 1/28/15 email that Mr. Khader included as his additional evidence (Doc. #172-1), there is little difference between Requests 2 and 3. If it is limited to formal legal memoranda or opinion letters and not emails, the request could be manageable. Even then it should be limited to specific matters pertinent to the Superseding Indictment.

### Request 4

*Any and all documents that you have related to any audits conducted by or on behalf of CVS Caremark, Accesshealth or Express Scripts in regards to Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC in which your firm was involved with in any manner from December 2013 to January 2017.*

COMMENT: Communications **with** the Pharmacy Benefit Managers regarding audits would be manageable and not implicate the attorney-client privilege. But this request refers to documents "related to the audits," and not just communications with the Pharmacy Benefit Managers. If this Request is interpreted to be broader than communications with the Pharmacy Benefit Managers, it could encompass all privileged communications with the pharmacies. It could also call for internal Greensfelder documents, which would implicate Greensfelder's own work product and would likely contain references to attorney-client communications. Moreover, internal Greensfelder documents that were not shared with Mr. Khader could not be relevant to his advice of counsel defense.

### Summary

Pursuant to Professional Conduct Rule 1.6 and ABA Opinion 473, Greensfelder cannot consent to the production of any documents. (See Greensfelder's Motion to Quash, Doc. #147, at 3-4). But Greensfelder can advise the Court that Request No. 1 is manageable, not unduly burdensome, and does not implicate attorney-client privileges or confidentiality concerns of non-parties.

Dated: October 5, 2020                    Respectfully submitted,

                                                              GREENSFELDER, HEMKER & GALE, P.C.

                                                              */s/ Erwin O. Switzer*
                                                              Erwin O. Switzer, admitted *Pro Hac Vice*
                                                              10 South Broadway, Suite 2000
                                                              St. Louis, Missouri 63102
                                                              Phone: 314-335-6825
                                                              Fax: 314-241-1265
                                                              Email: eos@greensfelder.com

                                                              *Counsel for Non-Party Greensfelder, Hemker*
                                                              *& Gale, P.C. and Thadford Felton*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed electronically via the CM/ECF filing system on this 5th day of October, 2020, which sent notification of such filing to all attorneys of record.

                                                                 */s/    Erwin O. Switzer*

1876417

# EXHIBIT A

Defendant, ZIAD KHADER, requests the following documents from ~~Attorney Thadford Felton of~~ Greensfelder, Hemker & Gale, P.C.:

1. Any and all emails to <u>and from</u> CVS Caremark, Accesshealth and Express Scripts ~~from Thadford Felton~~<s>, or any other representative</s><u>and attorneys</u> of Greensfeld, Hemker & Gale, P.C.<u> regarding Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC, their members, directors, employees, or any other representative, from December 2013 to January 2017.</u>

2. Any and all emails to<u> and from</u> any owner, officer, employee or contractor ~~of Defendant's Pharmacies, including but not limited to,~~<u>at</u> Script, LLC~~,~~<u> DBA</u> Nowscript, <u>Khader David Pharmacy and Services, LLC DBA </u>Valuscript, <u>Proscript, LLC,</u> My Script Pharmacy, and ~~Smart Script~~<u>Smartscript</u> Pharmacy ~~(hereinafter "Pharmacies")~~<u>, LLC from December 2013 to January 2017</u>.

3. Any and all legal memorandums and letters of opinion written to any owner, officer, employee or contractor at ~~Defendant's Pharmacies~~<u>Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC from December 2013 to January 2017</u>.

4. ~~Any other documents, except for legal bills, that you may possess regarding your representation of Defendant's Pharmacies.~~

~~5~~. Any and all documents that you have related to any audits conducted by or on behalf of CVS Caremark, Accesshealth or Express Scripts ~~on~~<u>in regards to Script, LLC DBA</u>

<u>Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC in</u> which your firm was involved with in any manner <u>from December 2013 to January 2017</u>.

Document comparison by Workshare 10.0 on Tuesday, September 29, 2020 10:40:52 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\cwagner\Desktop\Khader original.docx |
| Description | Khader original |
| Document 2 ID | file://C:\Users\cwagner\Desktop\Khader supplement.docx |
| Description | Khader supplement |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| ~~Deletion~~ |
| ~~Moved from~~ |
| Moved to |
| Style change |
| Format change |
| ~~Moved deletion~~ |

| | |
|---|---|
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 14 |
| Deletions | 10 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 26 |