UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| *Plaintiff*,                    ) | |
| )                               | 1:17-cr-00241-JMS-DML |
| *vs*.                           ) | |
| ) | |
| ZIAD I. KHADER (01),             ) | |
| ) | |
| *Defendant*.                    ) | |

# ORDER

In December 2017, the Government charged Defendants Ziad Khader, Neil Patel, and Nikhil Patel with conspiracy to make false statements relating to health care matters, conspiracy to commit money laundering, and money laundering. [Filing No. 1.] This case is set for trial on March 15, 2021, and a Motion of Non-Parties Law Firm Greensfelder, Hemker & Gale, P.C. [("the Greensfelder Firm")] and Lawyer Thadford Felton to Quash Subpoena for Legal Files, [Filing No. 147], is now ripe for the Court's decision.

## I.
### BACKGROUND[1]

From 2014 to 2017, Mr. Felton, who is a partner at the Greensfelder Firm, represented various pharmacies owned and operated by Mr. Khader, Neil Patel, and Nikhil Patel including Medscript, My Script and Nowscript in connection with several audits of the pharmacies by three

---

[1] This background information is taken primarily from evidence presented at a September 22, 2020 video hearing on the Motion to Quash, among other motions, at which the Court heard testimony from Mr. Felton. [Filing No. 173.] A more detailed description of Mr. Felton's and the Greensfelder Firm's representation of the pharmacies is set forth in the Court's Order on Mr. Khader's Motion to Disqualify, [Filing No. 135], also entered this day.

Pharmacy Benefits Managers – CVS Caremark, Express Scripts, and AccessHealth[2] (collectively, "the PBMs").  Those audits related to, among other things, whether My Script was properly considered a retail pharmacy and whether one or more of the pharmacies was failing to collect copays from customers

On December 6, 2017, the Government filed an Indictment charging Mr. Khader, Neil Patel, and Nikil Patel with conspiracy to make false statements relating to health care matters in violation of 18 U.S.C. § 371, conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h), and six counts of money laundering in violation of 18 U.S.C. § 1957.  [Filing No. 1.] The Indictment charged that Mr. Khader and the Patels used shell companies to hold ownership of the pharmacies, and enrolled Nowscript with the PBMs.  [Filing No. 1 at 3.]  It charged that the PBMs "screened and paid pharmacies on behalf of both commercial and federal health care benefit programs, including TRICARE, Federal Employee Program, Federal Employees Health, Government Employees Health Association, and many others." [Filing No. 1 at 3.]  It further charged that the PBMs required Nowscript to complete provider certification or enrollment forms which asked for information about the operation and ownership of Nowscript, including the names of the owners, whether Nowscript was a mail order or a retail pharmacy, whether Nowscript used a sales force, and whether Nowscript waived or offered reductions in copays.  [Filing No. 1 at 3-4.] The Indictment charged that Mr. Khader, Neil Patel, and Nikhil Patel mispresented information in the provider certification or enrollment forms, in violation of federal law.  [Filing No. 1.]

---

[2] The Superseding Indictment refers to "AccessHealth," [Filing No. 124], but Mr. Khader refers to this entity as "Accesshealth" in the Subpoena and related filings.  The Court defers to the capitalization used in the Superseding Indictment for this entity and other entities where there are discrepancies. The Court has not, however, corrected Mr. Khader's references when quoting his filings.

The Government filed a Superseding Indictment on August 4, 2020 which names only Mr. Khader as a defendant, and charges him with aiding and abetting false statements relating to health care matters in violation of 18 U.S.C. § 1347, three counts of aiding and abetting false statements relating to health care matters in violation of 18 U.S.C. § 1035, and three counts of aiding and abetting prohibited transactions in violation of 18 U.S.C. § 1957. [Filing No. 124.]

On August 3, 2020, Mr. Khader served a Subpoena on Mr. Felton and the Greensfelder Firm which requested the following documents:

1. Any and all emails to CVS Caremark, Accesshealth and Express Scripts from [Mr.] Felton, or any other representative of [the Greensfelder Firm].

2. Any and all emails to any owner, officer, employee or contractor at Defendant's Pharmacies, including but not limited to, Script, LLC, Nowscript, Valuscript, My Script Pharmacy and Smart Script Pharmacy (hereinafter "Pharmacies").

3. Any and all legal memorandums and letters of opinion written to any owner, officer, employee or contractor at Defendant's Pharmacies.

4. Any other documents, except for legal bills, that you may possess regarding your representation of Defendant's Pharmacies.

5. Any and all documents that you have related to any audits conducted by or on behalf of CVS Caremark, Accesshealth or Express Scripts on which your firm was involved with in any manner.

[Filing No. 147-1.]

## II.
### DISCUSSION

In their Motion to Quash, the Greensfelder Firm and Mr. Felton request that the Court quash the August 3, 2020 Subpoena served by Mr. Khader because: (1) it was not approved by the Court before being delivered to Mr. Felton, as required by Fed. R. Crim. P. 17; (2) it is directed to Mr. Felton, not the Greensfelder Firm, and Mr. Felton is not the custodian of the legal files; (3) it requests documents which go far beyond the specific allegations in the Superseding Indictment;

(4) most or all of the documents requested are in the possession of the Government; (5) production of the requested records would be unduly burdensome for the Greensfelder Firm and Mr. Felton; and (6) production would invade the confidential and privileged interests of non-parties to this case, including Neil Patel, Nikhil Patel, and potential Government witness Manuel Boroquez, as well as partial owners of some of the entities including the wives of Neil Patel and Nikhil Patel, the father of the Patels, and others.

At a September 22, 2020 video hearing held on the Motion to Quash and other pending motions, the Court gave Mr. Khader an opportunity to file a more tailored request for production of documents to Mr. Felton and the Greensfelder Firm. Mr. Khader did so, revising its earlier Subpoena so that it requested:

1. Any and all emails to and from CVS Caremark, Accesshealth and Express Scripts and [the Greensfelder Firm] regarding Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC, their members, directors, employees, or any other representative, from December 2013 to January 2017.

2. Any and all emails to and from any owner, officer, employee or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC from December 2013 to January 2017.

3. Any and all legal memorandums and letters of opinion written to any owner, officer, employee or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC from December 2013 to January 2017.

4. Any and all documents that you have related to any audits conducted by or on behalf of CVS Caremark, Accesshealth or Express Scripts in regards to Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC in which your firm was involved with in any manner from December 2013 to January 2017.

[Filing No. 172.]

Because Mr. Khader has revised the Subpoena, the Court **DENIES AS MOOT** the Motion to Quash, [Filing No. 147], as it applies to the original Subpoena. The Court considers the Motion to Quash in connection with each revised request, however. Mr. Felton and the Greensfelder Firm filed a response to the revised Subpoena, [Filing No. 178], and the Court considers each revised request and the response to that request in turn.

**A. Revised Request No. 1: Any and all emails to and from CVS Caremark, Accesshealth and Express Scripts and [the Greensfelder Firm] regarding Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC, their members, directors, employees, or any other representative, from December 2013 to January 2017.**

In response to Mr. Khader's revised first request, Mr. Felton and the Greensfelder Firm acknowledge that the request "is manageable and does not implicate the attorney-client privilege." [Filing No. 178 at 2.] They do note, however, that the request is broader than the original request because it requests emails from the PBMs, and not just to them, and also includes Proscript LLC, which was not mentioned in the original Subpoena. [Filing No. 178 at 2.]

The Court finds that Revised Request No. 1 is reasonable, seeks relevant information that is not otherwise procurable by Mr. Khader, and does not request information that is privileged or confidential. Specifically, the Court notes that Mr. Khader has limited his request so that it only includes emails related to certain of the pharmacies and limits the time frame from December 2013 to January 2017. The Court also finds the inclusion of Proscript LLC reasonable, because the Superseding Indictment refers generally to "compounding pharmacies" owned and operated by Mr. Khader – which encompasses Proscript LLC – and specifically mentions Proscript LLC. [Filing No. 124 at 1.] To the extent the Motion to Quash seeks to quash Revised Request No. 1, it is **DENIED**.

> **B. Revised Request No. 2: Any and all emails to and from any owner, officer, employee or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC from December 2013 to January 2017.**

Mr. Felton and the Greensfelder Firm argue that Revised Request No. 2 is still too broad because it requests emails "from" any owner, officer, employee, or contractor of the listed pharmacies, and has no limitation on the subject matter of the emails. [Filing No. 178 at 3.] They assert that the revised request still implicates the attorney-client privilege of the pharmacies, it would be "extremely burdensome for all parties to search all emails on these topics," and the revised request "makes no effort to limit the scope of the subpoena to material that Mr. Khader does not already have." [Filing No. 178 at 4.]

The Court finds that Revised Request No. 2 is overly broad. Responsive emails could address matters that are wholly unrelated to the issues that are relevant to this case. Accordingly, the Court revises the request so that it is limited to "Any and all emails to and from any owner, officer, employee or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC regarding audits by CVS Caremark, Accesshealth, or Express Scripts relating to the subject matter of the Superseding Indictment, from December 2013 to January 2017." The Motion to Quash is **GRANTED** to the extent that Revised Request No. 2 requests information outside of this Court-revised request.

**C. Revised Request No. 3: Any and all legal memorandums and letters of opinion written to any owner, officer, employee or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC from December 2013 to January 2017.**

Mr. Felton and the Greensfelder Firm argue that Revised Request No. 3 has the same defects as Revised Request No. 2, and that "[i]f it is limited to formal legal memoranda or opinion letters and not emails, the request could be manageable," but "[e]ven then it should be limited to specific matters pertinent to the Superseding Indictment." [Filing No. 178 at 4.]

Similar to Revised Request No. 2, the Court finds this request overbroad because it would include legal memoranda and letters of opinion on issues that do not relate to the issues in this case. Accordingly, the Court revises the request so that it is limited to "Any and all legal memoranda and letters of opinion written to any owner, officer, employee, or contractor at Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC regarding audits by CVS Caremark, Accesshealth, or Express Scripts relating to the subject matter of the Superseding Indictment, from December 2013 to January 2017." The Motion to Quash is **GRANTED** to the extent that Revised Request No. 3 requests information outside of this Court-revised request.

**D. Revised Request No. 4: Any and all documents that you have related to any audits conducted by or on behalf of CVS Caremark, Accesshealth or Express Scripts in regards to Script, LLC DBA Nowscript, Khader David Pharmacy and Services, LLC DBA Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC in which your firm was involved with in any manner from December 2013 to January 2017.**

Mr. Felton and the Greensfelder Firm argue that Revised Request No. 4 would include all privileged communications with the pharmacies, and "could also call for internal Greensfelder documents, which would implicate Greensfelder's own work product and would likely contain references to attorney-client communications." [Filing No. 178 at 5.] They note that "internal

Greensfelder documents that were not shared with Mr. Khader could not be relevant to his advice of counsel defense." [Filing No. 178 at 5.]

Revised Request No. 4 appears to be a catch-all request, and would encompass documents already requested in the previous revised requests, along with internal Greensfelder documents related to audits conducted by the PBMs. The Court notes Mr. Khader's response to the Motion to Quash, in which he argues that "conversations Attorney Felton, and other attorneys of Greensfelder, had with Mr. Khader, Neil Patel, Nikhil Patel, or other officers of the pharmacies, and any of the healthcare programs, would be highly relevant regarding the lack of intent of Mr. Khader, whether the statements were in fact false." [Filing No. 155 at 4.] This demonstrates Mr. Khader's hope that he will uncover documents that tend to negate his intent to commit the crimes charged. But Revised Request No. 4 – in addition to being duplicative of Revised Requests 1 through 3, seeks internal documents of the Greensfelder Firm – for example, emails between Greensfelder attorneys regarding the audits would be responsive. Many, if not all, of these documents would be privileged and they also would not be probative of Mr. Khader's intent. To the extent Mr. Khader seeks documents in Revised Request No. 4 that might show what information he was given by Mr. Felton and the Greensfelder Firm, what the PBMs communicated to Mr. Felton and the Greensfelder Firm, and what information Mr. Felton and the Greensfelder Firm gave to the PBMs, those documents are already requested in Revised Requests 1 through 3. The Court **GRANTS** the Motion to Quash to the extent it applies to Revised Request No. 4, as that request is duplicative in part and seeks privileged information in part.

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** the Motion to Quash filed by Mr. Felton and the Greensfelder Firm to the extent that the motion relates to Mr. Khader's original

Subpoena, [Filing No. 147-1]. [147.] The Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Quash filed by Mr. Felton and the Greensfelder Firm as it relates to Mr. Khader's Revised Subpoena, [Filing No. 172], as detailed above. [147.] Absent an agreement by the parties on a different timeframe, within **30 days of the date of this Order**, the Greensfelder Firm is **ORDERED** to produce to Mr. Khader the following:

1. Any and all emails to and from CVS Caremark, Accesshealth and Express Scripts and attorneys of Greensfelder, Hemker & Gale, P.C. regarding Script LLC d/b/a Nowscript, Khader David Pharmacy and Services, LLC d/b/a Valuscript; Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC, their members, directors, employees, or any other representative from December 2013 to January 2017;

2. Any and all emails to and from any owner, officer, employee or contractor at Script, LLC d/b/a Nowscript, Khader David Pharmacy and Services, LLC d/b/a Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC regarding audits by CVS Caremark, Accesshealth, or Express Scripts relating to the subject matter of the Superseding Indictment, from December 2013 to January 2017.

3. Any and all legal memoranda and letters of opinion written to any owner, officer, employee, or contractor at Script, LLC d/b/a Nowscript, Khader Davis Pharmacy and Services, LLC d/b/a Valuscript, Proscript, LLC, My Script Pharmacy, and Smartscript Pharmacy, LLC regarding audits by CVS Caremark, Accesshealth, or Express Scripts relating to the subject matter of the Superseding Indictment, from December 2013 to January 2017.

Date: 11/18/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**