UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 1:17-cr-00241-JMS-DML |
| *vs.* | ) | |
| | ) | |
| ZIAD I. KHADER (01), | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

In December 2017, the Government charged Defendants Ziad Khader, Neil Patel, and Nikhil Patel with conspiracy to make false statements relating to health care matters, conspiracy to commit money laundering, and money laundering. [Filing No. 1.] Subsequently, the Government entered into deferred prosecution agreements with Neil Patel and Nikhil Patel, and filed a Superseding Indictment against Mr. Khader charging him with aiding and abetting health care fraud, aiding and abetting the making of false statements relating to health care matters, and aiding and abetting engaging in prohibited transactions. [Filing No. 124.] Several motions have been filed in advance of the March 15, 2021 trial in this matter, including the Government's Motion to Exclude Statements From Attorney at Trial. [Filing No. 150.] That motion is now ripe for the Court's decision.

## I.
### BACKGROUND

From 2014 to 2017, Thadford Felton, who is a partner at Greensfelder, Hemker & Gale, P.C. ("the Greensfelder Firm"), represented various pharmacies owned and operated by Mr. Khader, Neil Patel, and Nikhil Patel, including Medscript, My Script and Nowscript. This representation related to, among other things, several audits of the pharmacies by three Pharmacy

Benefits Managers – CVS Caremark, Express Scripts, and AccessHealth (collectively, "the PBMs").  Those audits related to whether My Script was properly considered a retail pharmacy and whether one or more of the pharmacies was failing to collect copays from customers, among other issues.

On December 6, 2017, the Government filed an Indictment charging Mr. Khader, Neil Patel, and Nikil Patel with conspiracy to make false statements relating to health care matters in violation of 18 U.S.C. § 371, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and six counts of money laundering in violation of 18 U.S.C. § 1957. [Filing No. 1.] The Indictment charged that Mr. Khader and the Patels mispresented information in the provider certification or enrollment forms they submitted to the PBMs on behalf of the pharmacies, in violation of federal law.   [Filing No. 1.]  The Government filed a Superseding Indictment on August 4, 2020, naming only Mr. Khader as a defendant and charging him with aiding and abetting health care fraud in violation of 18 U.S.C. § 1347, three counts of aiding and abetting false statements relating to health care matters in violation of 18 U.S.C. § 1035, and three counts of aiding and abetting prohibited transactions in violation of 18 U.S.C. § 1957.  [Filing No. 124.]

After the Government filed the pending Motion to Exclude Statements From Attorney at Trial, the Court ordered Mr. Khader to produce the documents referenced in the Government's motion for the Court's *in camera* review.  [Filing No. 152.]  Mr. Khader provided the documents to the Court for *in camera* review and the Court held a video hearing on the motion, among other motions, on September 22, 2020.  [Filing No. 173.]

## II.
### DISCUSSION

In its motion, the Government states that it recently learned that Mr. Khader intended to raise a potential defense involving advice of counsel, and that Mr. Khader claims to have

documents in his possession that contain legal advice provided by Mr. Felton to Mr. Khader, Neil Patel, and Nikhil Patel and that exculpate Mr. Khader.  [Filing No. 150 at 3.]  The Government contends that Mr. Felton's testimony about his prior representation and the documents should be excluded at trial because they are irrelevant, they constitute inadmissible hearsay, they will confuse the jury, and they appear to be privileged and the privilege-holders have not waived their privilege.

Mr. Khader argues in his response that the documents are relevant to Mr. Khader's intent, that they are highly probative and will not confuse the jury, that they are not hearsay, that the Government cannot assert the attorney-client privilege as to the documents, and that the Government has not show that the documents are privileged in any event.  [Filing No. 154 at 2-12.]

The Government reiterates many of its arguments in its reply.  [Filing No. 167.]

The documents submitted for the Court's *in camera* review include emails between Mr. Felton and Mr. Khader, Neil Patel, Nikhil Patel, and others regarding the pharmacies, and also a memorandum from the law firm Frier Levitt to Mr. Khader regarding the "Legality and Risks of Providing Mail Order Pharmacy Services."  At the September 22, 2020 hearing, neither Mr. Khader, Mr. Felton, nor the Greensfelder Firm argued that the documents in question are privileged.  As discussed in more detail in the Court's Order on Mr. Khader's Motion to Disqualify, also entered this day, Mr. Felton and the Greensfelder Firm represented the pharmacies, and not Mr. Khader, Neil Patel, or Nikhil Patel individually, relating to the information discussed in the documents.  Where counsel represents a business entity, the attorney-client privilege is held by the business entity.  *See Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981).  A dissolved business entity may not assert the attorney-client privilege, *TAS Dist. Co., Inc. v. Cummins Inc.*, 2009 WL 3255297, at *2 (C.D. Ill. 2009) ("Absent some compelling reason to the contrary, the

attorney client privilege does not survive the death of the corporation"), and for solvent business entities "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors," *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 348 (1985). "[T]he power to assert or waive [the] attorney-client privilege is an incident of control of the [business entity]." *Central States, Southeast and Southwest Areas Pension Fund v. Nat'l Lumber Co.*, 2012 WL 2863478, at *3 (N.D. Ill. 2012).

Here, the officers of the various pharmacies, to the extent those entities are not defunct, have the power to assert the attorney-client privilege on behalf of the pharmacies. They have not done so and, indeed, Mr. Khader seeks to use those documents for his individual benefit in his defense. Because those able to assert the attorney-client privilege have not done so, the Court **DENIES AS MOOT** the Government's Motion to Exclude Statements From Attorney at Trial to the extent it finds that the documents Mr. Khader has provided to the Court for *in camera* review are not subject to the attorney-client privilege.

The Court notes that the Government also seeks to preclude Mr. Khader's use of the documents at trial because they are irrelevant, are inadmissible hearsay, and will confuse the jury. Because the Government has not yet seen the documents that Mr. Khader provided for the Court's *in camera* review, the Court finds it premature to determine whether the documents are inadmissible on these grounds. Mr. Khader is **ORDERED** to produce to the Government the documents that it provided to the Court for *in camera* review within **7 days** of this Order. In advance of trial, the Government may file a motion to preclude Mr. Khader's use of the documents at trial on grounds other than privilege.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** the Government's Motion to Exclude Statements From Attorney at Trial, [150], to the extent it finds that the documents Mr. Khader has provided to the Court for *in camera* review are not subject to the attorney-client privilege.  Mr. Khader is **ORDERED** to produce those documents to the Government within **7 days** of this Order.  This Order does not preclude the Government from challenging the admissibility of the documents, or the admissibility of Mr. Khader's testimony related to the documents, on grounds other than privilege.

Date: 11/18/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**